UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOVANI ABDIEL DELEON RODAS,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-07884-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 1, 2, 3, 4) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Both parties do not oppose the court ruling directly on the petition. (Doc. Nos. 9 at 5; 11 at 3.) For the reasons explained below, the court finds that Respondents violated the Immigration and Nationality Act and its implementing regulations by effectuating Petitioner's arrest before issuing his notice to appear initiating removal proceedings. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

**BACKGROUND**

Petitioner Yovani Abdiel Deleon Rodas is a native of Guatemala. (Doc. No. 1 at ¶ 12.) Petitioner entered the United States without inspection on an unknown date. (Doc. No. 9-1 at 3.) Petitioner does not have any previous interactions with immigration authorities. (*Id.* at 3–4.)

Petitioner was identified by immigration authorities following his February 2026 conviction for annoying/molesting a victim under the age of 18 in violation of California Penal Code § 647.6(A)(1). (Doc. No. 9 at 1.) Petitioner was detained by U.S. Immigration and Customs Enforcement officers on September 13, 2026. (Doc. No. 9-1 at 2.) He has remained in immigration custody in the Golden State Annex detention facility since his arrest. (Doc. No. 1 at 18.)

On September 25, 2026, Petitioner filed the pending habeas petition alleging that he was arbitrarily detained without a written warrant. (Doc. No. 1 at 5.) Petitioner asserts a single cause of action for violation of his Fifth Amendment right to Due Process. (*Id.* at 16.) On that same day, Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 3.)

On September 30, 2026, Respondents filed an opposition in which they contend that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), Petitioner has not yet requested a custody redetermination hearing pursuant to that statute, and Petitioner should be required to exhaust his administrative remedies before seeking habeas relief in this court. (Doc. No. 9 at 3–5.) Respondents attached to their opposition (1) Petitioner's record of deportable alien; (2) Petitioner's arrest warrant showing execution on September 12, 2026 and service on September 13, 2026; (3) Petitioner's notice to appear showing execution and service on September 13, 2026; and (4) Petitioner's notice of custody determination showing execution and service on September 13, 2026. (Doc. No. 9-1.)

On October 15, 2026, Petitioner, through counsel, filed his reply in which he argues that Petitioner's initial detention was unlawful because his arrest warrant was executed by a qualified officer the day before Petitioner's arrest, then completed by a separate officer on the date of Petitioner's arrest, and the notice to appear initiating Petitioner's removal proceedings was not executed until *after* both the arrest warrant and custody determination were issued. (Doc. No. 11 at 4–11.)

/////

/////

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## DISCUSSION

In his habeas petition, Petitioner contends that his arrest by immigration authorities was unlawful and was effectuated without a warrant contrary to the requirements of the Immigration and Nationality Act. (Doc. No. 1 at 5.) In their opposition, Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), that he was arrested pursuant to a lawful arrest warrant under that statute, and that the only remedy available to Petitioner is a custody redetermination hearing, which he has not requested. (Doc. No. 9 at 3–5.) In his reply, Petitioner contends that the documentation attached to Respondents' opposition demonstrates that his arrest was, indeed, unlawful. (Doc. No. 11.) Specifically, Petitioner emphasizes that Petitioner's "Notice to Appear was not issued until *after* Petitioner's arrest," and was executed "in San Francisco, miles from where Petitioner was arrested and where he was taken" by the government following his detention such that it could not have been executed contemporaneous with his arrest. (Doc. No. 11 at 7.)

Indeed, 8 U.S.C. § 1226(a)—the statute which Respondents agree authorizes Petitioner's

detention—allows the government to detain a noncitizen pursuant to an arrest warrant "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Federal regulations make clear that the noncitizen may be arrested under § 1226(a) pursuant to an arrest warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 1236.1(b)(1). Numerous courts, both inside and outside of the Ninth Circuit have found that the plain language of § 1236.1 requires that the Notice to Appear initiating removal proceedings be issued *before* the arrest warrant to be lawful. *See, e.g., Mudiyanselage v. Warden Cal. City Det. Facility*, No. 1:26-cv-02969-DAD-DMC, 2026 WL 2364505, at *5 (E.D. Cal. Aug. 14, 2026) ("The plain language of [§ 1236.1(b)(1)] establishes that Respondents' authority to issue a Form I-200 Warrant of Arrest begins *after* a Notice to Appear is issued."), *report and recommendation adopted by* 2026 WL 2495014 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (emphasizing that "failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner . . . provide[s] a sufficient basis mandating a petitioner's release"); *Loaeza v. Bausch*, No. 26-cv-00945-MAV, 2026 WL 2150155, at *1 (W.D.N.Y. July 27, 2026) ("In other words, without a valid [Notice to Appear] in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a).").

Here, Petitioner's arrest warrant was executed by Senior Deputy Deportation Officer David T. Pham on September 12, 2026. (Doc. No. 9-1 at 5.) Petitioner was detained on September 13, 2026. (*Id.* at 3.) Petitioner's Notice to Appear was executed on September 13, 2026. (*Id.* at 6.) Further, as Petitioner emphasizes in his Reply, Petitioner's notice to appear was executed in San Francisco, CA, where Petitioner was initially held in custody, whereas Petitioner was arrested in San Rafael, California. (*Id.* at 2, 6.) Thus, it appears Petitioner's notice to appear was executed after both execution of Petitioner's arrest warrant and his arrest. This court joins its sister courts in finding that the plain language of 8 C.F.R. § 1236.1(b)(1) requires that an arrest warrant be executed and effectuated after the notice to appear is issued. Further, this court joins

its sister courts in finding that an arrest occurring before execution of the notice to appear is unlawful, absent exigent circumstances not alleged here, and that immediate release is the appropriate remedy.[1] *See Mudiyanselage*, 2026 WL 2495014, at *2 (ordering the petitioner's immediate release due to his arrest occurring before the notice to appear was executed); *Loaeza*, 2026 WL 2150155, at *2 (same).

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and Motion for a Temporary Restraining Order (Doc. No. 3) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Yovani Abdiel Deleon Rodas (A-246-934-657) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing

---

[1] Petitioner additionally argues that his arrest was unlawful because it appears Senior Deputy Deportation Officer Pham electronically executed Petitioner's arrest warrant on September 12, then Deportation Officer Padilla, the arresting officer, completed the rest of the warrant upon Petitioner's arrest, including by checking the box indicating the basis for Officer Pham's determination that probable cause existed. (Doc. No. 11 at 6.) Petitioner emphasizes that in *Coria Ramirez v. Albaran*, No. 26-cv-06973-CRB, 2026 WL 2001151, at *3 (N.D. Cal. July 10, 2026), the court held an evidentiary hearing where it determined that the "X marks" indicating the probable cause for the petitioner's arrest "were made after the arrest." 2026 WL 2001151, at *3. The court in *Coria Ramirez* found that this process independently rendered the arrest warrant invalid because the authorized officer's conclusion that 'there is probable cause to believe that' [the p]etitioner was removable," was "based upon nothing." *Id.* Because the court will grant Petitioner's habeas petition based on the order of execution of Petitioner's arrest warrant and notice to appear, it need not reach that argument here. The court does note, however, that upon review of Petitioner's arrest warrant, the court finds it likely this same flawed procedure was utilized in Petitioner's arrest. (Doc. No. 9-1 at 5.)

that he is not a flight risk or a risk to community safety;

2. The remaining pending motions (Doc. Nos. 2, 4) are DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge